UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANI MARCHEVA,

Plaintiff,

v.

NEVADA DEPARTMENT OF PUBLIC SAFETY - NEVADA STATE POLICE,

Defendant.

Case No. 2:26-cv-03804-JAD-EJY

**ORDER**

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP) and Complaint for employment discrimination. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. Thus, the Court proceeds to screening Plaintiff's Complaint.

**I. Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

Plaintiff appears to bring this suit for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 against the Nevada Department of Public Safety. ECF No. 1-1 at 3-4. First, Plaintiff does not demonstrate exhaustion of her administrative remedies against this Defendant because she fails to attach her Charge of Discrimination or allege what claims she brought before the Equal Employment Opportunity Commission ("EEOC"). *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (a plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in a charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge") (citations and internal quotation marks omitted), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019); *Santa Marie v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2002).

Second, Plaintiff offers no facts that would allow the Defendant to meaningfully respond to her claims. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). This failure also prevents the Court from screening the Complaint for purposes of whether Plaintiff states a claim. *Iqbal*, 556 U.S. at 679.

To state a *prima facie* case of discrimination in violation of Title VII to survive a § 1915 screening, Plaintiff must allege: "(a) she belongs to a protected class; (b) she was qualified for the job for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment." *See Shepard v. Marathon Staffing, Inc.*, 2014 WL 2527149, *2 (D. Nev. June 2, 2014) (citing *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006)). To make out a *prima facie* case of retaliation, Plaintiff must establish that (a) she undertook a protected activity under Title VII, (b) her employer subjected her to an adverse employment action, and (c) there is a causal link between those two events. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (internal citation omitted).

In the absence of any facts supporting either a gender discrimination or retaliation claim, Plaintiff's Complaint cannot proceed as pleaded. Plaintiff is given **one opportunity** to file an amended complaint alleging facts sufficient to state her claims and demonstrate exhaustion by attaching her Charge of Discrimination.[1]

---

[1] The Court expresses concerns about Plaintiff's potential abuse of the federal court system given its familiarity with her recent lawsuits, two of which are identified here. *Marcheva v. Illinois Dep't of Transportation*, Case No. 2:26-cv-01434-JAD-EJY, 2026 WL 2013850 (D. Nev. May 27, 2026) (Recommending Plaintiff's complaint be dismissed without leave to amend in the District of Nevada because it lacked personal jurisdiction over Plaintiff's largely indecipherable allegations relating to events in other states), *report and recommendation adopted,* Case No. 2:26-CV-01434-JAD-EJY, 2026 WL 1724702 (D. Nev. June 15, 2026); *Marcheva v. Off. of Lab. Comm'r*, Case No. 2:26-cv-02283-CDS-EJY, 2026 U.S. Dist. LEXIS 201524, (D. Nev. July 28, 2026) (Recommending Plaintiff's Complaint be dismissed with prejudice based on its prolix and incoherence); *report and recommendation adopted*, Case No. 2:26-cv-02283-CDS-EJY, 2026 U.S. Dist. LEXIS 200521 (D. Nev. Sept. 3, 2026).

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint must be filed no later than **December 17, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must include all claims Plaintiff seeks to assert. The amended complaint must also contain a short and plain statement of the facts supporting the element of each such claim. The Court cannot refer to Plaintiff's original Complaint when screening an amended complaint to determine if a claim is stated.

IT IS FURTHER ORDERED that failure to file an amended complaint by or before December 17, 2026 will result in a recommendation to dismiss this matter.

DATED this 17th day of November 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE